```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**STATE OF WEST VIRGINIA, by**
**DARRELL V. McGRAW, JR., ATTORNEY**
**GENERAL AND ROBERT W. FERGUSON, JR.,**
**CABINET SECRETARY OF THE WEST VIRGINIA**
**DEPARTMENT OF ADMINISTRATION,**

      Plaintiffs

v.                                              Civil Action No. 2:97-0245

**UNITED STATES DEPARTMENT OF HEALTH**
**AND HUMAN SERVICES AND KATHLEEN SEBELIUS,**
**SECRETARY OF THE UNITED STATES DEPARTMENT**
**OF HEALTH AND HUMAN SERVICES,**

      Defendants

## MEMORANDUM OPINION AND ORDER

Pending is defendants' ("DHHS") motion for reconsideration, filed April 14, 1999.

DHHS seeks reconsideration of two portions of the court's March 31, 1999, memorandum opinion and order which, among other things, partially denied defendants' motion for summary judgment. DHHS asserts that the court erred in concluding that DHHS may not, pursuant to 45 C.F.R. § 30.13(a)(1), recover interest accrued on funds wrongfully held by the State of West Virginia (the "State") before formal notice of the debt was given to the State. DHHS also takes exception to the court's holding that DHHS may not impose the consumer rate of interest on funds

owed to it and other federal agencies in the aggregate without first identifying the other agencies and determining the amount of the debt, and any associated interest rate, attributable to each.

## I. Introduction

The circumstances of this case are set out in detail in the court's March 31, 1999, memorandum opinion and order. Familiarity with those facts is assumed.

## II. Standard of Review

DHHS's motion is brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to file a motion to alter or amend a judgment within ten days of entry of judgment. Although Rule 59(e) does not itself provide a standard under which the court may grant such a motion, our court of appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct a clear error of law or prevent manifest injustice. Gagliano v. Reliance Standard Life Ins. Co., 547 F.3d

230, 241 n.8 (4th Cir. 2008); Pacific Ins. Co. v. American National Fire Ins. Co., 148 F.3d 396, 402 (4th Cir. 1998); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

### III.  Discussion

A.  Pre-disallowance Interest

In its final determination of disallowance, DHHS claimed it was entitled to interest on overcharges made to the United States by the State to fund the State's pension plan for public employees, the Public Employees' Retirement System ("PERS").  The claim included interest which had accrued before the State received notice of its debt on March 13, 1991.  DHHS calculated this "pre-disallowance" interest to be $897,321.

In its March 31, 1999, order, the court concluded that DHHS could not impose pre-disallowance interest.  That conclusion was based upon 45 C.F.R. § 30.13(a)(1), which provided at the time that "[i]nterest will accrue on all debts from the date notice of the debt and the interest requirement is first mailed to the last known address or hand-delivered to the debtor if the debt is not paid within 30 days from the date of mailing of the

notice." DHHS issued the notice contemplated by § 30-13(a)(1) on March 13, 1991, and the court concluded that recovery of interest accruing before that date was inappropriate.

DHHS contends that the court's holding was contrary to law, inasmuch as the pre-disallowance interest should have been deemed part of the disallowance itself. Under DHHS regulations, allowable costs must be "net of all applicable credits." OMB Circular A-87, 46 Fed. Reg. 9548 (1981), Attachment A, ¶ C.1.g. Applicable credits are "those receipts or reduction of expenditure-like transactions which offset or reduce" monies allocable to grants made by the federal government. Id., ¶ C.3.9. In its final determination, DHHS concluded that "[i]nterest income falls within the plain meaning of 'applicable credit' since earnings derived from federal funds are clearly receipts which offset grant costs."[1] (AR, 285). Consequently, DHHS included $897,321 in accrued interest in the total disallowance.

DHHS's conclusion is in accord with two district court decisions cited by DHHS. New York Dep't of Social Services v.

---

[1] As noted in DHHS' reply related to its motion for a status conference, subsequent decisions by its Departmental Appeals Board have consistently held that interest income is an applicable credit that must be reimbursed. (See Defs. Reply at 3 n.1).

4

Shalala, 876 F. Supp. 29, 32 (S.D.N.Y. 1994) (concluding that interest earned on federal funds prematurely acquired by the state constituted an 'applicable credit' under OMB Circular A-87), aff'd 50 F.3d 179 (2d Cir. 1995); State of North Carolina v. Heckler, 584 F. Supp. 179, 185 (E.D.N.C. 1984) (concluding that interest earned by a state on wrongfully received federal funds retained the character of the principal and, therefore, were subject to disallowance to the same extent as the principal).

The conclusion is also consistent with the long-standing rule that "holders of federal grant money are required, absent specific authorization, to refund any interest earned on that money to the federal government." Pennsylvania Office of the Budget v. Department of Health and Human Services, 996 F.2d 1505, 1510-11 (3d Cir. 1993), cert denied, 510 U.S. 1010 (1993), and the general rule that "a party who has had the use of money owed to another party may justly be required from the time the payment should have been originally made." M.B.A.F.B. Federal Credit Union v. Cumis Ins. Agency, 507 F. Supp. 794, 798 (D.S.C. 1981) (citing Chesapeake and Ohio Railway Co. v. Elk Refining Co., 186 F.2d 30, 33 (4th Cir. 1950)).

The State has not submitted any contradictory authority. Rather, the State argues that Shalala and Heckler are inapplicable

5

inasmuch as in both cases wrongfully held funds were initially placed in interest-bearing accounts and subsequently transferred to grant programs. Because all federal funds at issue in this case were immediately transferred to PERS, the State contends it lacks title to any interest earned on the overcharges and cannot issue a refund.

Acceptance of the State's contention would create inconsistent results. The court has concluded that DHHS is entitled to repayment of overcharges made by the State. The State has not contested that conclusion, despite the fact that those overcharges were immediately transferred to PERS upon receipt of the funds from the United States. The assertion that interest earned on the overcharges is beyond the State's reach while the principal is not is incongruous.

In any event, the State's argument does not address the precise issue at hand: whether interest earned on wrongfully held funds may be deemed "applicable credits" and included as part of a DHHS disallowance. DHHS concluded that such treatment is appropriate. In light of the authority submitted by DHHS, and the apparent lack of any contradictory authority, the court finds that DHHS's conclusion is not arbitrary and capricious. Consequently, inasmuch as the court's March 31, 1999, order prohibits DHHS from

including interest in the total disallowance, it is contrary to law. The order will be amended accordingly.

### B. Imposition of Interest at the Consumer Rate

DHHS also claims interest, at the consumer rate of 15.75%, which began to accrue thirty days after March 13, 1991, when official notice of the debt was issued.

In its March 31, 1999, memorandum order, the court held that DHHS could not charge interest on the disallowance at the consumer rate without first identifying each federal agency affected by the disallowance and itemizing the disallowance among them. That conclusion was based primarily on 45 C.F.R. § 30.1(b), which provides that DHHS's standards, including those which allow it to impose interest on monies owed to it at the consumer rate, only apply "where a statute, regulation or contract does not prescribe different standards or procedures." Without an identification of all affected federal agencies, it would be impossible to determine what agencies were involved, and, accordingly, what statutes, regulations or contracts applied.

In its motion, DHHS does not offer any new authority or evidence, or assert that the court has made some error of law.

DHHS essentially contends that because it is the cognizant agency empowered to perform audits on behalf of more than one agency, its regulations should govern the imposition of interest on any collectable debts.  DHHS further asserts that the court's holding forces DHHS to undergo an unreasonably costly and time-consuming task, years after the fact, should it elect to impose interest at the consumer rate.[2]

---

[2]On September 2, 2009, the court directed the parties to address any intervening changes in the law following submission of defendants' motion for reconsideration.  Both parties contend that no applicable changes have occurred.  (See, e.g., Pls.' Resp. to Mot. for Stat. Conf. at 3 ("On the merits, there does not appear to be any development of the law that would impact the two issues pursued by DHHS in its Motion for Reconsideration."); Defs.' Reply at 1 ("There have been no relevant changes in the law governing the issues set forth in that motion")).

As noted by the parties, the language of some of the regulatory provisions, and their locations in the Code of Federal Regulations have changed.  In view of the lack of any perceived substantive alteration of the law, however, the court has, and will, continue for simplicity sake to refer herein, and in the amended memorandum opinion and order entered this same day, to the former versions of the regulations.

There is one exception worthy of note.  Since the March 31, 1999, memorandum opinion and order, plaintiffs assert, without comment from defendants, that 45 C.F.R. § 30.13 has been renumbered and rephrased as follows:

> Unless a different rate is prescribed by statute, contract, or a repayment agreement, the rate of interest charged shall be the rate established annually by the Secretary of the Treasury pursuant to 31 U.S.C. 3717. The Department may charge a higher rate if necessary to protect the rights of the United States and the Secretary has determined and documented a higher rate for delinquent debt is required to protect

(continued...)

These contentions do not request that the court consider new law or evidence or correct a clear error of law as required by our court of appeals. Consequently, amendment of this portion of the memorandum opinion and order and the accompanying judgment is not appropriate pursuant to Rule 59(e).

## IV. Conclusion

Accordingly, for the reasons stated, it is ORDERED that DHHS's motion for reconsideration be, and it hereby is, granted to the extent it seeks amendment of the portion of the court's memorandum opinion and order and judgment dealing with pre-disallowance interest of $897,321 and denied in all other

---

[2](...continued)
the Government's interests. Any such higher rate of interest charged will be based on Treasury's quarterly rate certification to the U.S. Public Health Service for delinquencies in the National Research Services Awards and the National Health Services Corps Scholarship Program. The Department publishes this rate in the Federal Register quarterly.

45 C.F.R. § 30.18(b)(2). Plaintiffs assert in their response to defendants' motion for a status conference that this amended regulation has eliminated defendants' authority to charge the consumer rate. Defendants have not addressed the point in their reply. Inasmuch as the court is remanding for purposes of allowing the calculation of the appropriate amount of interest due and owing, the matter may be addressed administratively in the first instance.

respects. It is further ORDERED that the court's March 31, 1999, memorandum order partially denying DHHS's motion for summary judgment be, and it hereby is, vacated so as to include in an amended memorandum opinion and order and judgment entered contemporaneously herewith the affirmance of pre-disallowance interest of $897,321.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: September 30, 2009

John T. Copenhaver, Jr.
United States District Judge