UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**STATE OF WEST VIRGINIA, by**
**DARRELL V. McGRAW, JR., ATTORNEY**
**GENERAL AND ROBERT W. FERGUSON, JR.,**
**CABINET SECRETARY OF THE WEST VIRGINIA**
**DEPARTMENT OF ADMINISTRATION,**

     Plaintiffs

v.                                                   Civil Action No. 2:97-0245

**UNITED STATES DEPARTMENT OF HEALTH**
**AND HUMAN SERVICES AND KATHLEEN SEBELIUS,**
**SECRETARY OF THE UNITED STATES DEPARTMENT**
**OF HEALTH AND HUMAN SERVICES,**

     Defendants


## MEMORANDUM OPINION AND ORDER

Pending is plaintiffs' motion to alter or amend, filed October 15, 2009.

On September 30, 2009, the court entered a memorandum opinion and order granting in part the defendants' ("DHHS") motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  The court granted reconsideration to the extent that DHHS sought a modification of that portion of the court's

earlier memorandum opinion and order and judgment dealing with predisallowance interest of $897,321.  As phrased by DHHS:

> At issue is whether the $897,321.00 in interest earned on wrongfully held funds prior to HHS' notice of disallowance is an "applicable credit" which must therefore be considered part of the disallowance itself. . . . [The issue] was addressed in the 1994 Departmental Appeals Board ("Board") decision which is at the root of this case.  Plaintiffs never specifically challenged the Board's conclusion that predisallowance interest is an "applicable credit," and in their summary judgment briefs defendants addressed only the arguments that plaintiffs raised. It then became apparent from the March 31, 1999 order that further clarification was necessary.

(Defs.' Resp. at 1-2).

Plaintiffs' motion to alter or amend asserts that, in granting DHHS' request for reconsideration, the court departed from the standard governing Rule 59(e) motions.  Specifically, plaintiffs assert that DHHS's contentions supporting reconsideration were not raised timely, namely, during the original briefing of the parties' cross motions for summary judgment.[1]

Assuming plaintiffs are correct in so characterizing DHHS' contentions supporting reconsideration, the assertion is

---

[1] Plaintiffs additionally assert that "DHHS's failure to timely raise its 'applicable credit' theory translates into 18+ years of interest that DHHS will claim on the nearly $900,000 of additional liability thus foisted upon the State by the DHHS's untimely-raised theory."  (Pls.' Memo. in Supp. at 5).

2

misplaced. It is the case, as plaintiffs assert, that Rule 59(e) motions are not a device to raise new arguments that could have been raised prior to the entry of judgment. It is also clear, however, as explicitly set forth in the September 30, 2009, memorandum opinion and order, that a district court is authorized to amend an earlier judgment "to correct a clear error of law or prevent manifest injustice." State of West Virginia v. United States Dep't of Health & Human Servs., No. 2:97-0245, slip op. at 2-3 (S.D. W. Va. Sept. 30, 2009) (citing Gagliano v. Reliance Standard Life Ins. Co., 547 F.3d 230, 241 n.8 (4th Cir. 2008); Pacific Ins. Co. v. American National Fire Ins. Co., 148 F.3d 396, 402 (4th Cir. 1998); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)).

Mindful of this standard, the court granted reconsideration to DHHS on the following terms:

> In light of the authority submitted by DHHS, and the apparent lack of any contradictory authority, the court finds that DHHS's conclusion is not arbitrary and capricious. Consequently, inasmuch as the court's March 31, 1999, order prohibits DHHS from including interest in the total disallowance, it is contrary to law.

Id. at 6-7. Importantly, the court denied reconsideration on an additional ground asserted by DHHS inasmuch as it did "not request that the court consider new law or evidence or correct a clear error of law as required by our court of appeals." Id. at 9 (emphasis supplied).

3

Plaintiff cites no authority forbidding a court from amending a component of its judgment to accord with controlling law, regardless of the substance of the parties' legal arguments raised prior to the entry of the judgment for which amendment is sought. Based upon the foregoing, it is ORDERED that plaintiffs' motion to alter or amend be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: November 20, 2009

John T. Copenhaver, Jr.
United States District Judge